## Mrs. Thomas Curran, Defendant in Error, v. Dr. McLaughlin Company, Plaintiff in Error.

### Gen. No. 15,197.

VERDICTS—*when set aside as against the evidence.* A verdict manifestly against the weight of the evidence will be set aside on review.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed. Opinion filed January 24, 1911.

WILLIAM IRWIN, for plaintiff in error.

KNIGHT, REID & GODMAN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Mrs. Thomas Curran brought an action against the Dr. McLaughlin Company, plaintiff in error, hereinafter called the defendant, in the Municipal Court of Chicago for fraud and deceit alleged to have been practiced upon her in the sale to her of an electric belt for $40. The fraud and deceit relied on is that one Howe represented to the plaintiff that he was Dr. McLaughlin, and that the electric belt was one with a current sufficiently strong to effect a cure of constipation; and that the plaintiff believed the representations to be true and relied upon them and paid the defendant large sums of money for a belt which the defendant knew was worthless.

The plaintiff to sustain her cause testified that early in 1907, she called at the office of the defendant to purchase an electric belt. There one Howe introduced himself as Dr. McLaughlin. She told him that she was troubled with chronic constipation, and he said he could cure it with an electric belt inside of three months provided she used the belt according to directions every twenty-four hours during that time. Howe

made no examination of her as a physician at that or any other time. She did not purchase a belt at this first visit. She returned to the office of the defendant early in September, 1907, and purchased a belt for $40, paying $15 cash, and $25 when the belt was delivered to her at Monroe, Wisconsin. The plaintiff says that she wore the belt four hours a night for three nights in succession, but she could not get electricity from the belt. The only sensation she felt was that of being cold. She never wore the belt again. On her re-cross examination she was asked: "Q. Did you not at that time ask if he was Dr. McLaughlin? A. I did on Thursday. Q. Did you not the first time you were there? A. Yes. He said he was a doctor and stopped; he said he was not personally Dr. McLaughlin, he would call the doctor from the hotel."

In addition to this testimony, the plaintiff introduced in evidence letters written to the plaintiff by the defendant dated respectively July 23, 1907, August 2, 1907, November 5, 1907, and January 11, 1908, and the part of the pamphlet of instructions relating to constipation, indigestion, torpid liver, kidney troubles and general weakness; and also the belt which was delivered to the plaintiff. No evidence was offered by the plaintiff tending to show the belt offered in evidence was not an electric belt, or that it would not produce a cure if used according to directions given. The letter of November 5, 1907, introduced by the plaintiff was a letter of inquiry addressed to the plaintiff by the defendant as to the results which the plaintiff had experienced from the use of the belt. Although according to her testimony she had long since ceased to use the belt when she received the letter, she made no reply to it; and made no complaint in regard to the belt whatever until the following January, which was two months after the receipt of the letter, and four months after she had ceased to use the belt.

The testimony on behalf of the defendant contradicts the plaintiff's testimony as to the representa-

tions made by Howe that he was Dr. McLaughlin. It tends to show that the belt sold to the plaintiff was an electric belt of sufficient power to produce cures of the complaint that the plaintiff suffered from, and that belts of the character of the one sold to the plaintiff have brought cures and benefits to afflicted persons when used long enough and in the proper manner.

We are of the opinion from the evidence of the plaintiff that she did not call upon the defendant for medical advice. She knew her trouble and having heard of electric belts called to purchase one, and did not ask to be examined by Dr. McLaughlin or any other physician. In other words she did not submit herself as a patient to the defendant for medical advice and treatment and no such relation was thought of or proposed. In this respect the case is very different from Hedin v. Minneapolis M. & S. I., 35 L. R. A. 417, relied on by the plaintiff, and the doctrine in that case has no application here.

In our opinion the plaintiff's evidence fails to make out a case of fraud and deceit; and considering all the evidence we think the great weight is in favor of the defendant and against the verdict of the jury.

The judgment is therefore reversed with a finding of fact.

*Reversed.*